## WIGGINS et al. v. UNITED STATES.

### No. 4374.

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1938.

Jesse A. Jones, of Kinston, N. C., for appellants.

Charles F. Rouse, Asst. U. S. Atty., of Kinston, N. C. (J. O. Carr, U. S. Atty., of Wilmington, N. C., and John H. Manning, Asst. U. S. Atty., of Raleigh, N. C., on the brief), for the United States.

Before PARKER, NORTHCOTT and SOPER, Circuit Judges.

## PER CURIAM.

The appellants were convicted on the third count of an indictment which charged them with the unlawful removal of five gallons of whiskey, on which the tax required by law had not been paid, to a place other than the internal revenue bonded warehouse provided by law, and with concealing spirits so removed, and with aiding and abetting in such removal and concealment, in violation of 26 U.S.C.A. § 1287. The facts on which the government relies to sustain the conviction are thus stated in its brief. On November 12, 1937, Investigators of the Alcohol Tax Unit and other officers located an unregistered distillery, which was in full operation, near the homes of the appellants, in Moseley Hall Township, Lenoir County, North Carolina. The appellants and one William M. Manning were present at the distillery, and all three of them ran, as the officers approached, but were caught nearby. When apprehended William M. Manning stated that he owned the distillery, and that the appellants "had just come down there to see him, or to hunt a cow", and all three of the men had spots on their clothing and appeared to have been drinking. At the site of the distillery the officers found 500 gallons of fermented mash, fit for distillation, and 5 gallons of nontax-paid whiskey which had been run out from the distillery. On behalf of both appellants, the appellant, Willie Wiggins, offered himself as a witness and testified that they had come upon the distillery while looking for hogs, that neither of them had any interest in the distillery, and that neither of them took any part in its operation. On cross examination the appellant, Willie Wiggins, testi-

fied, "We were at the distillery for five or ten or more minutes before the officers raided it, and my brother and I both drank some of the beer and whiskey while we were there".

The specific error of which the appellants complain was contained in the charge of the court. The attention of the jury was called to the testimony of Willie Wiggins, hereinbefore mentioned, and the jury were told that, there being no evidence in contradiction thereof, it would be their duty to return a verdict of guilty of aiding and abetting in the removal and concealment of the whiskey if they believed the facts to be as testified, and so found beyond a reasonable doubt. The objection to this charge was in our opinion well founded. A verdict of guilty could have been based either upon a showing of a removal of distilled spirits by the appellants or by a concealment of spirits which had been so removed. The contention of the government is that the conviction should be sustained on the ground that the defendants were guilty of unlawful concealment, as charged in the indictment, and this theory is based upon the fact that when the raid took place, 5 gallons of nontax-paid whiskey which had been distilled was found at the site of the distillery. But this fact is clearly insufficient to support the conviction. The appellants neither removed nor aided nor abetted in the removal of this whiskey from the distillery. It is suggested by the government that the whiskey was concealed because it was found at an illicit distillery located at a place not likely to be found by the internal revenue agents. But the statute does not contemplate and the indictment did not charge such a concealment. On the contrary the charge is limited to the concealment of distilled spirits which had been removed from a distillery; and since the evidence shows that there had been no removal, the instruction of the court was incorrect.

We do not mean to say that in our opinion there was no evidence that the appellants were parties to the unlawful operation of the still which was discovered by the revenue agents. On the contrary it is our view that the evidence would have been sufficient to submit to a jury and to sustain a verdict of guilty upon such a charge. But the only count of the indictment before us relates to a different charge which the evidence in the case did not support; and the judgment of the District Court must therefore be

Reversed.