**PRICE v. UNITED STATES.**

No. 11229.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1945.

Rehearing Denied Aug. 7, 1945.

284

John W. Vardaman, of Anniston, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant was tried in the court below on an indictment containing three counts. He was convicted only on the second count, which charged him with removing, depositing, and concealing distilled spirits on which a tax was imposed, with an intent to defraud the United States of such tax, in violation of Section 3321 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 3321.

Here he urges (1) that the court erred in charging the jury that they should find him guilty if they found that he did unlawfully remove, deposit, or conceal the whiskey upon which a tax was imposed, with intent to defraud the United States of such tax, where the indictment charged that appellant did unlawfully remove, deposit, and conceal; that since the indictment charged in the conjunctive it was necessary, in order to convict, that all of the allegations of the indictment be proved; (2) that "remove," as used in the statute, means something more than "transport," and has reference to removing the liquor from the place where made prior to the payment of the tax; and (3) that the court erred in refusing to grant an affirmative charge based upon the insufficiency of the evidence to establish guilt.

Section 3321 of the Internal Revenue Code[1] mentions several acts disjunctively, and prescribes that each shall constitute an offense subject to the same punishment. It is well settled that an indictment may charge any of such acts or all of such acts conjunctively, as constituting a single offense. 42 C.J.S. Indictments and Informations §§ 101, 139(b). In 42 C.J.S., verbo "Indictments and Informations," Sec. 101, it is said:

"Two offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term 'and' and not with the word 'or.'"

In United States v. Clarke, 20 Wall. 92, 87 U.S. 92, 104, 22 L.Ed. 320, the Supreme Court said:

"It may be conceded that an indictment or a criminal information which charges the person accused, in the disjunctive, with being guilty of one or of another of several offenses, would be destitute of the necessary certainty, and would be wholly insufficient. It would be so for two reasons. It would not give the accused definite notice of the offense charged, and thus enable him to defend himself, and neither a conviction nor an acquittal could be pleaded in bar to a subsequent prosecution for one of the several offenses."

[1] "Sec. 3321. Removal or concealment with intent to defraud the revenue.

"(a) Penalty. Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both."

In Ackley v. United States, 8 Cir., 200 F. 217, 221, the Eighth Circuit Court stated the law thus:

"* * * if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive 'or,' the pleader must connect them by the conjunctive 'and' before evidence can be admitted as to more than the one act. To recite that the defendant did the one thing or another makes the indictment bad for uncertainty."

See also Troutman v. United States, 10 Cir., 100 F.2d 628, 631; Wolpa v. United States, 8 Cir., 86 F.2d 35, 38; O'Neill v. United States, 8 Cir., 19 F.2d 322; and Simpson v. United States, 9 Cir., 229 F. 940.

When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty. So where as here, the indictment charged that the defendant did unlawfully remove, deposit, and conceal, it was enough to prove any one. Crain v. United States, 162 U.S. 625, 634–636, 16 S.Ct. 952, 40 L.Ed. 1097.

While we agree with appellant that "remove" in the statute means more than "transport," and has reference to removing the liquor from the place where made and where the tax thereon was supposed to be paid,[2] we cannot agree with appellant that there was no evidence that would justify the jury's finding that he had deposited or concealed the sixty-five gallons of liquor in the bushes where found. According to the evidence in this case, appellant was arrested in a pear orchard near a public road, about a mile from his brother's home, with a quart fruit jar of whiskey, tax unpaid, in his possession. A few yards away, and in the direction from which he was walking, the officers found sixty-five gallons of whiskey, tax unpaid, contained in three ten-gallon kegs and seven five-gallon jugs hidden among some bushes. Nearby the officers found an unregistered still. Appellant admitted that the whiskey in the jar had been obtained from the supply concealed in the bushes, and that he had taken other whiskey from the cache a week before. The fact that appellant knew where the whiskey was concealed, coupled with his apparent use and control of it, justified the jury's verdict of guilty. A finding that he committed any one of the acts pleaded in the conjunctive in the indictment, with intent to defraud the government, was sufficient to support the verdict. Crain v. United States, supra.

The judgment appealed from is affirmed.

---

[2] Cf. United States v. One Kissel Touring Automobile, D.C., 289 F. 120.