## TURNER v. UNITED STATES.

### Nos. 6288, 6294.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1951.

Decided Nov. 5, 1951.

C. Carter Lee, Rocky Mount, Va., for appellant.

R. Roy Rush, Asst. U. S. Atty., Roanoke, Va. (Howard C. Gilmer, Jr., U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before SOPER, and DOBIE, Circuit Judges, and HUTCHESON, District Judge.

SOPER, Circuit Judge.

These appeals grow out of an indictment of Fred Edward Turner, in two counts, for unlawfully removing and unlawfully concealing one gallon of distilled spirits on which the tax had not been paid in violation of Section 2913 of the Internal Revenue Code, 26 U.S.C.A. § 2913; and also a libel filed against an automobile pick-up truck belonging to Turner which was seized by revenue officers of the United States under Section 3321 of the Internal Revenue Code, 26 U.S.C.A. § 3321, on the ground that it was used for the unlawful removal and concealment described in the indictment, with intent to defraud the United States of the tax. The cases were tried together before the District Judge, without a jury, and resulted in a verdict of not guilty of removal, under the first count, but guilty of concealment, under the second count of the indictment, and a sentence of six months' imprisonment and a fine of $200; and also in a judgment of forfeiture of the automobile truck in the companion case. The sole question is whether these judgments were justified by the findings of fact which are not in dispute.

On February 4, 1951, in the daytime, two officers of the Alcohol Tax Unit, together with a state officer, were making investigations in Floyd County, Virginia. As they approached a country store they saw the automobile truck in question parked off the road near the store. One of the federal officers recognized Turner sitting at the wheel with three other young men in the cab of the truck. Knowing that Turner had a record for violation of the liquor laws, the officers turned their car around and came back and stopped beside the truck. One officer opened the door of the cab and saw a one-half gallon fruit jar full of illicit whisky on the floor at Turner's feet. The other men were Harold Allen, a soldier on leave, and his two brothers. Three of the men, including Turner, had been drinking and were intoxicated. As the three Allen men descended from the cab the officers saw another half gallon jar of illicit whisky on the seat. Some of the whisky from this jar had been consumed. In the front compartment of the cab there was a pint bottle with less than an ounce of whisky in it. Harold Allen claimed the whisky as his own and stated that the officers could not do anything to him since he was in the army.

Earlier in the morning Harold Allen procured the two one-half gallon jars of whisky from an unknown source in the woods and brought them with him to the store, and finding no one in the truck placed the jars in the cab and went into the store where he met Turner and his two brothers who had come to the store with Turner in the truck. He invited the

three of them to go to the truck and have a drink. They accepted the invitation and went to the truck. When Turner saw the liquor he said that they would have to get it out of the truck. However, he and the others continued to sit in the truck and drank the whisky for about one-half an hour until the officers arrived. During this period the truck was not moved.

Upon these facts the prosecution contends that the purpose of the participants in the incident was concealment which Turner aided and abetted, because the owner of the liquor placed it out of sight in the cab of the unattended truck when he emerged from the woods, knowing that the truck belonged to a friend, and because Turner, while expressing the desire that the whisky be removed from the truck, nevertheless countenanced the transaction by entering the vehicle and permitting it to be used by his friends while he and they enjoyed the whisky.

This argument in our opinion is not convincing. The circumstances under which the liquor was placed in the truck and was being used at the time of the seizure seem to us to be quite inconsistent with the idea of concealment. Had Turner and his friends been intent upon concealment, they would have hardly crowded together on the front seat of the cab and openly drunk from the half gallon jar in broad daylight in view of passers by on a public road. It is undisputed that the soldier on leave had procured the liquor to celebrate his homecoming; that he placed it in the truck without Turner's knowledge, and that there was no intention on any one's part to use the truck to transport the whisky. It is hardly reasonable to base an inference of an intent to conceal the liquor or a finding of actual concealment by Turner upon his acquiescence in the use of his truck for a drinking bout with three boon companions, especially as the celebration went on in public for a half hour, during which the actions of the men in drinking from the jar must have been plainly visible, and the jar was used so frequently that three of the men, including Turner, were quite drunk when they were arrested. Our conclusion is that in each case the judg-

ment must be reversed and the case remanded for further proceedings consistent with this opinion. See Vandevander v. United States, 5 Cir., 172 F.2d 100.

Reversed and remanded.