John Elmer INGRAM and Robert Stephens Poss, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16285.

United States Court of Appeals Fifth Circuit.

March 1, 1957.

Rehearing Denied March 30, 1957.

Wesley R. Asinof, John H. Hudson, W. R. Hudson, Atlanta, Ga., for appellant.

J. Robert Sparks, Asst. U. S. Atty., James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

## PER CURIAM.

The appellants, John Elmer Ingram and Robert Stephens Poss, were jointly indicted and convicted of possession of unstamped liquor, 26 U.S.C.A. § 5004, and of its removal, deposit and concealment, 26 U.S.C.A. § 7206(4). Ingram was given a sentence of a year and a day and Poss was sentenced for six months. They appeal.

Officers came upon a 1937 Ford car behind which three men were crouched. As the officers approached the men ran. One got away. Another was Poss who was caught. The third, wearing a brown suede jacket, stumbled and fell. The officer, pursuing Poss, lost sight of the man in the brown suede jacket. Soon after, the other officer found a man stooping in a hole. This man was wearing a brown suede jacket, was breathing hard as if from running, and had scratched hands and soiled clothing. He was Ingram. In the trunk of the car were fifteen gallons of untaxed moonshine whiskey and twenty-five more gallons were on the ground at the place where it was parked. Poss said he wished the officer had caught someone else, that he was just down there helping. Ingram asked the officer to make a state case instead of a Federal case. The Ford had a big motor in it and an officer, a Treasury Department investigator, mentioned that the investigators might want to use the Ford to chase "whiskey cars". Ingram told him to go ahead and take the Ford and "wouldn't anybody say anything about it."

The appellants, citing Vick v. United States, 5 Cir., 1954, 216 F.2d 228, urge that mere presence where untaxed liquor is found, coupled with flight, is not enough to sustain a conviction. They urge that the verdict against them is based upon conjecture and speculation rather than upon substantial evidence. In Vick there was a plausible reason given for the presence of the appellant in that case at the still where he was found. Here there was no reason given for their being at the car where the liquor was found. The circumstances of their crouching to avoid being seen, their flight and their statements upon being apprehended, provided substantial evidence of guilt. In Lloyd v. United States, 5 Cir., 1955, 226 F.2d 9, this court quoted from Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 469, 86 L.Ed. 680, the following, "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." This being so, the judgment is

Affirmed.