**Homer HYCHE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18481.**

United States Court of Appeals
Fifth Circuit.

Jan. 20, 1961.

George E. Trawick, Birmingham, Ala., for appellant.

W. L. Longshore, U. S. Atty., Birmingham, Ala., George A. Blinn, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES and WISDOM, Circuit Judges, and WRIGHT, District Judge.

PER CURIAM.

The sole question presented by this appeal from a conviction for "removing, depositing, or concealing" untaxed alcohol, 26 U.S.C. § 7206(4), is the sufficiency of the evidence to submit the case to the jury.

There was substantial direct evidence that appellant actively engaged in the transfer of 160 gallons of moonshine whiskey from his own car to the trunk of another vehicle. So much is, for all practical purposes, admitted. But appellant

[1]. Reported at D.C.E.D.Pa.1960, 183 F.Supp. 132.

maintains that this activity does not constitute an offense within the statute under which he was charged.

■■ It may be that the transfer of untaxed alcohol from one vehicle to another does not make out a case of "removal." See Price v. United States, 5 Cir., 150 F.2d 283; United States v. Perfetti, D.C.E.D.Pa., 91 F.Supp. 909. But the act of placing the whiskey in the trunk of the car, considered in connection with appellant's flight to avoid apprehension, clearly amounts to "depositing" and "concealing" within the intendment of the statute. See Ingram v. United States, 5 Cir., 241 F.2d 708. And proof of any one of the prohibited acts, even though "removing," "depositing" and "concealing" were charged conjunctively, is sufficient for conviction. Price v. United States, supra.

Accordingly, the judgment is affirmed.