**UNITED STATES of America, Appellee,**

v.

**Aubrey Linwood GOSS, Appellant.**

**No. 9996.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1965.

Decided Nov. 2, 1965.

Jerry L. Jarvis, Durham, N. C. (Richard M. Hutson, II, Durham, N. C., on brief), for appellant.

William S. McLean, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and MARTIN, District Judge.

PER CURIAM.

We affirm the defendant's conviction under 26 U.S.C.A. § 7206(4), notwithstanding the fact that his activities were interrupted before the whiskey was removed from the still site.

Relying upon Wiggins v. United States, 4 Cir., 99 F.2d 184, the defendant contends that the evidence, that he participated in loading 204 gallons of illicit whiskey into a truck,[1] is insufficient to sustain a conviction because the loaded truck had not been removed from the still site when it was raided and the defendant arrested after an attempted flight. The defendant's reliance is misplaced, for the court in Wiggins was construing a different statute.

Wiggins was convicted of a violation of an antecedent of what is now 26 U.S.C.A. § 5601(a) (12). That section imposes penalties for the removal of whiskey from the place of manufacture or storage without having paid the tax. Subse-

---

1. He also advances the insubstantial contention that the cases which the agents saw being loaded into the truck may have been empty or may have contained empty fruit jars. The agents testified that they inventoried the contents of the truck and that it contained 204 gallons of whiskey in half-gallon jars in cardboard cases. The record does not affirmatively show that the truck contained no empty cases, but this omission does not foreclose the inference that the cases which the agents testifed were found in the truck were the same as those which, immediately before, the defendant had placed in it.

quent concealment of "spirits so removed" is also an offense under that statute. Concealment without removal is not a violation of that statute, as Wiggins held.

The statute under which this defendant was convicted is quite different. Section 7206(4) imposes penalties upon one who "removes, deposits, or conceals, or is concerned in removing, depositing, or concealing" goods with an intent to evade the tax. The language is in the alternative. Price v. United States, 5 Cir., 150 F.2d 283. Proof of a concealment or of a deposit of illicit whiskey with the requisite intention is enough to convict under this statute without proof of a removal of the whiskey from the still yard. Hyche v. United States, 5 Cir., 286 F.2d 248.

Affirmed.