James WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23266.

United States Court of Appeals
Fifth Circuit.

May 31, 1966.

Joseph W. Popper, Jr., Macon, Ga., for appellant.

Edward A. Davis, Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and KILKENNY,* District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellant was jointly indicted with Patrick Thaxton for possessing seventeen cases of one gallon glass jugs with the intention of using them in the non-tax paid distilled spirits business in violation of 26 U.S.C.A. § 5686(a). Thaxton pleaded guilty. Appellant went to trial before a jury on his plea of not guilty. Appellant moved for a judgment of acquittal at the close of the government's case and at the conclusion of the trial on the ground that the evidence was insufficient to sustain a conviction. These motions were denied, and this appeal is from the judgment entered on the verdict of guilty.

On the night of February 27, 1965, two Treasury Agents accompanied by local law enforcement officers went to a wooded area in Crawford County, Georgia for the purpose of investigating an unregistered distillery. The agents detected no activity upon their arrival at the scene. They then concealed themselves and observed the area from 3:30 a. m. until about 7:30 a. m. The still was gasoline fired. Having seen no one in the area during this period, the agents destroyed the still by setting off a dynamite charge. As the charge exploded,

* Of the District of Oregon, sitting by designation.

three men were seen leaving an automobile which had stopped on a dirt road two or three hundred yards from the still. Appellant and Thaxton were arrested as they ran from the car. The third man escaped. The subsequent search of the automobile disclosed fifteen gallons of gasoline in three five gallon cans, a spool of black thread of the same type as found stretched around the still as a detection device, and the seventeen cases of empty one gallon jugs.

Appellant did not deny that he had been an occupant of the car. He did, however, deny any knowledge of or connection with the illegal distillery operation. He also denied any previous acquaintance with the two other men. His testimony was that he had been coon hunting and was walking home along the dirt road when the two men in the car stopped and offered him a ride. They were white and he was a Negro. He sought to explain his flight from the car by stating that he had been startled by the dynamite explosion and by the sight of uniformed men running out of the woods. It was clear from the testimony of the government witnesses that the car stopped and the flight took place simultaneously with the explosion.

Appellant, on cross examination stated:

Q. You knew who was down in those bushes, didn't you?

A. Well, I didn't know who it was, no sir. I thought they was soldiers. I seen 'em coming towards me.

Q. You didn't really think they was soldiers, now, did you?

A. I didn't know. They was dressed in green clothes.

Q. You knew it was the revenue boys?

A. No sir. If I had known it in the beginning I never would have left the car, cause I didn't think I was doing anything but riding.

\* \* \* \* \* \*

Q. I want you to tell us why you thought you had to run.

A. Well, I tell you there was so much going on then I didn't know what

had done happened and it wasn't too far—I knowed the highway wasn't so far, and I didn't know who had pulled over there and was going to catch us.

The government concedes, citing United States v. Romano, 1965, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210; and Vick v. United States, 5 Cir., 1954, 216 F.2d 228, that mere presence is insufficient to prove possession. In those cases the defendants were charged with possession of a still in violation of 26 U.S.C.A. § 5601(a) (1) but the principle is the same. The government does contend that the presence of the appellant coupled with his flight from the scene constituted sufficient evidence to warrant the verdict of guilty on the charge of possessing the jugs.

In Vick v. United States, supra, this court stated that flight is a circumstance tending to prove consciousness of guilt but that "[t]he probative effect of flight depends on the conditions and the motives which prompted it." There the defendant was arrested while fleeing the site of a still. Nothing more than his presence and flight was introduced as evidence against him. We reversed the conviction and directed that his motion for acquittal be granted for the reason that the jury could not reasonably have concluded that the evidence excluded every reasonable hypothesis save that of guilt.

The scope of the Vick holding was brought into focus by McFarland v. United States, 5 Cir., 1960, 273 F.2d 417 where a detailed comparison was made of the facts of the two cases. The conviction of McFarland for illegal possession of a still was affirmed. The court stated:

"There is no doubt that mere presence at a still is not enough in itself to constitute possession of the still. There is no doubt that flight is not enough in itself to create a presumption of guilt. But presence at a still in the dead of night, flight, knowledge of the location of a well-concealed still, knowledge of the operations (when the

mash would be ready for distillation), control over the still (no others were present except in a subordinate capacity), control (purchase?) of the output, admissions of previous visits to the still, and other evidence pointing to McFarland's relation to the still were enough for the jury to infer that he had control and custody to the extent sufficient to add up to possession.

"Appellant relies on Vick v. United States, * * * to support the argument that the defendant's motion for acquittal should have been granted. In the Vick case, the only evidence of guilt was that the defendant was sitting on the ground about ten or fifteen feet from the distillery and attempted to run away from the officers. The court held that mere presence at or near an unregistered distillery is not sufficient to sustain a conviction. That is not this case. Vick was not working around the still; McFarland was unloading empty jugs. Vick had never been observed at the still prior to the raid; McFarland admits two prior visits. There was no evidence that Vick was receiving any of the liquor from the still; McFarland stated that he received what the still had produced in the five weeks prior to the raid. There was no evidence that Vick knew anything about the operation of the still; McFarland knew the date mash would be ready for distillation. Vick was a hunter who had just stopped at the still to talk and have a drink; the jury could well have believed Vick's explanation of his presence at the still. * * * McFarland's presence also differs from Vick's in that Vick's presence did not contribute to the possession or operation of the illegal still."

The case of McClain v. United States, 5 Cir., 1955, 224 F.2d 522, buttresses appellant's position that presence and flight are insufficient under the circumstances of this case. In that case three persons were charged with possessing non-tax paid spirits. The spirits were found in a car in which they were present and which was chased by police officers. One was the wife of the driver. The conviction of the driver was affirmed. The conviction of the wife was reversed despite her presence and effort to escape when the car came to a halt. The court said there was no proof of dominion or control over the illegal spirits by her. The court pointed out that mere knowledge of the commission of a crime by another does not prove guilt.

Applying this test to the present case, we find that the government produced no evidence linking appellant with the two other men through prior acquaintance or otherwise. There was no proof as to ownership of the car. Appellant was not driving the car. No evidence was produced to show that he was involved in any way in the procuring of the materials found in the car. No evidence was produced to show that he had handled or otherwise exercised dominion or control over the materials. There was no showing whatever of dominion or control on the part of appellant.

In viewing the evidence, the specific nature of the crime charged must be constantly kept in mind. The defendant was charged with possessing jugs which had been used or were to be used to violate the Internal Revenue laws. What was there to show possession? There was only presence and flight. Although we must take the evidence in the light most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, we hold that it was insufficient to sustain a conviction. Possession means dominion or control over the property, the holding or detention of it or exercising the rights of management with respect to it. McFarland v. United States, supra; McClain v. United States, supra.

The government relies on Ingram v. United States, 5 Cir., 1957, 241 F.2d 708, a case involving a prosecution for the possession of non-tax paid spirits. In that case the evidence consisted of presence, flight, crouching to avoid being seen before flight and incriminating. state-

ments made at the time of the arrest. Here we do not have the additional evidence.

As Judge Rives concluded in Vick v. United States, supra, "Appellant may be guilty, but his conviction cannot rest upon mere conjecture and suspicion." This is also true in this circumstantial evidence case. The jury could not have reasonably concluded that the evidence excluded every reasonable hypothesis save that of guilt. Appellant's own story was not excluded by the mere evidence of presence and flight and nothing more. The motion for judgment of acquittal should have been granted. The judgment is reversed so that this may be done.

Reversed with directions.