**UNITED STATES of America, Appellee,**

**v.**

**David Earle CHAMPION and Claude Vance Cooley, Appellants.**

**No. 11465.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1967.

Decided Nov. 29, 1967.

Irvin B. Tucker, Jr., Raleigh, N. C., for appellants.

Alton T. Cummings, Asst. U. S. Atty. (Robert H. Cowen, U. S. Atty., on the brief), for appellee.

562

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge.

■ We think this is a case of indictment under the wrong statute and reverse the convictions obtained. The Internal Revenue statutes have broken down the various steps and phases of the illicit liquor business and made each of them a separate offense. "One who neither engages in the conduct specifically prohibited, nor aids and abets it, does not violate the section which prohibits it," however guilty he may be under some other section not charged. Bozza v. United States, 330 U.S. 160, 163, 67 S.Ct. 645, 91 L.Ed. 818 (1947). The defendants here go free not because of strained statutory construction, but because the United States Attorney has failed to charge the offense proved and has failed to prove the offense charged.[1]

Defendants, David Earle Champion and Claude Vance Cooley, were indicted under 26 U.S.C. § 7206(4).[2] At trial the evidence showed that after some preliminary negotiations, Cooley agreed to sell non-tax-paid whiskey at $30.00 per case to Wiggins, a farmer who was working as an undercover agent for the Alcohol and Tobacco Tax Division. Cooley and Wiggins went in separate cars to the home of Champion; Cooley went inside for a few minutes, then returned with Champion and said, "This fellow here will go with you and pick up the liquor." Champion, Wiggins, and Bryant, Wiggins' son-in-law, then drove five or six miles to an old house where a Chrysler was parked among some junked cars. Champion and Bryant loaded 15 cases of whiskey from the Chrysler into Wiggins' car, Wiggins paid Champion $450.00, and Champion drove away in the Chrysler.[3] Clearly, the foregoing evidence was amply sufficient to have convicted both defendants of a violation of 26 U.S.C.A. § 5604(a) (1) set out in the margin.[4] But that statutory offense was not charged.

■ We agree with the district judge that the evidence could not support the charged offense of "removing." "Removing" under this statute must relate, we think, to taking from the place of manufacture or storage. United States v. Davis, 369 F.2d 775 (4th Cir. 1966); Price v. United States, 150 F.2d 283, 285 (5th Cir. 1945). These defendants could have been, but were not, prosecuted un-

1. We have previously noted, without disapproval, the generally established practice of prosecutors to charge multiple offenses in various counts of a single indictment. Undoubtedly the reason for the practice is to guard against the result that obtains here. See, United States v. Davis, 369 F.2d 775, 776 (4th Cir. 1966).

2. "Any person who * * * removes, deposits, or conceals, or is concerned in removing, depositing, or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized by section 6331, with intent to evade or defeat the assessment or collection of any tax imposed by this title * * * shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both * * *." Ibid.

3. The events referred to occurred on October 15, 1964. Cooley and Champion were not indicted until August 30, 1966, and not arrested until September 12 and

13, 1966, respectively. The defendants urge that this was too great a delay under the Sixth Amendment and Fed.R. Crim.P. 48(b). The government's answer is that "the lapse of time between commission of an offense and the commencement of prosecution is governed by the applicable statute of limitations and not by Rule 48(b), or the Sixth Amendment." Because of our disposition of the case on other grounds, it is unnecessary to decide the question. However, see Ross v. United States, 121 U.S.App. D.C. 233, 349 F.2d 210 (1965); 44 N.C.L.Rev. 1075 (1966).

4. "Any person who shall—transport, possess, buy, sell, or transfer any distilled spirits, required to be stamped under the provisions of section 5205(a) (2), unless the immediate container thereof has affixed thereto a stamp as required by such section * * * shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, for each such offense." Ibid.

der the broader "removal" statute codified as 26 U.S.C.A. § 5601(a) (12).[5]

It is to be noted that 26 U.S.C.A. § 7206(4), the statute defendants are charged with having violated, unlike section 5601(a) (12), does not mention "any instrument of transportation." The prosecutor chose the wrong statute not only with respect to possession and transfer, but also with respect to "removal." Clearly, transferring the whiskey from the Chrysler to Wiggins' car would be a violation of the broader removal statute, but defendants were not charged with a violation of section 5601(a) (12). We agree that proof of defendants' knowledge of the location of the whiskey in the Chrysler and their apparent control over it might support an inference, however weak, that they put it there. But from where did it come? From an illicit distillery or from an illicit wholesaler who may himself have transported it? Since "removing," under the statute chosen by the government, relates to the place of manufacture or place where the tax was supposed to have been paid, *Price,* supra, merely putting the whiskey in the Chrysler or transferring it out of the Chrysler does not establish guilt of the specific offense charged.

The question of "concealment" is subject to the same analysis. If we were to accept the government's contention that defendants had an affirmative duty to disclose the location of illicit whiskey as soon as they knew of its whereabouts, and that a failure to disclose amounts to concealment, we would be faced with a serious Fifth Amendment problem. In Turner v. United States, the defendants crowded together on the front seat of a parked truck to drink whiskey, and the government urged that such conduct amounted to "concealment." Had we thought in that case that the defendants were under an affirmative duty to report the existence of the whiskey to Internal Revenue officials, we might have felt compelled to affirm their convictions; instead, we reversed. 192 F.2d 41 (4th Cir. 1951).

Somewhat harder, but not fundamentally different, is the question of whether the evidence can be said to support a determination that these defendants deposited [6] the illicit whiskey. True, control and knowledge of location may possibly support an inference that defendants put the whiskey in the Chrysler, although it seems just as reasonable to suppose that someone else did so, either separately or in furtherance of a conspiracy.[7] It is clear that defendant Champion (and we assume, arguendo, that Cooley was "concerned" within the meaning of the statute) *did* transfer the whiskey from the Chrysler to Wiggins' car. Such a transfer is clearly a violation of 26 U.S.C.A. §§ 5601(a) (12) and 5604(a) (1). But we do not think that either putting the whiskey in the Chrysler or taking it out constituted a violation of 26 U.S.C.A. § 7206(4). To paraphrase Mr. Justice Black in *Bozza,* supra, Champion's conduct does not fit the category of "deposit" so nearly as it resembles the possession, sale and transfer of illicit liquor (5604(a) (1)) or "removal" from an "instrument of transportation"

---

5. "Unlawful removal or concealment of distilled spirits.—[Any person who] removes, other than as authorized by law, any distilled spirits on which the tax has not been paid or determined, from the place of manufacture or storage, *or from any instrument of transportation,* or conceals spirits so removed shall be * * * [etc.]" Ibid. (Emphasis added).

6. It is well settled that conjunctive indictment under such a statute permits disjunc-

tive consideration of guilt, and that proof of *either* removing, depositing, *or* concealing is sufficient to support a guilty verdict. E. g., Price v. United States, 150 F.2d 283, 285 (5th Cir. 1945).

7. Defendants were not charged with conspiracy, but the government offers as an excuse for failure to indict sooner that it was at one time attempting to develop a conspiracy case.

**564**

(5601(a) (12)). Indeed, it fits the latter two statutes like a glove.

Since there is such a plethora of statutes to choose from in prosecution of illicit liquor business, there seems to us no need or justification for a broad construction of this criminal statute—if, indeed, there can ever be. A comparison of 26 U.S.C.A. § 7206(4) with 26 U.S.C.A. § 5601(a) (12), a statute relating specifically to the illicit liquor business, leads us to believe that the doctrine of *ejusdem generis* properly applies. If so, deposit relates to conceal, conceal relates to remove, and the three together relate to some aspect of removal from place of manufacture or storage. Such a construction is, we think, not only reasonable, but necessary to avoid confusing, vague, and unintended overlapping of proliferated statutes dealing in detail with the same general subject matter. If the words relate to each other, then it is not innovation to say, as the Fifth Circuit did long ago with respect to "remove:" the words used in this section mean "more than 'transport,' [or transfer] and has reference to removing the liquor from the place where made and where the tax thereon was supposed to be paid   *   *   *." Price v. United States, 150 F.2d 283, 285 (5th Cir. 1945).

Our holding that putting illicit whiskey in one automobile and removing it to another, nothing else appearing, is not a violation of 26 U.S.C.A. § 7206(4) does not appear to be in conflict with Ingram v. United States, 241 F.2d 708 (5th Cir. 1957), for the defendants there were charged also with possession under 26 U.S.C. § 5004 and the court was not called upon, apparently, to distinguish between the statutes.

Hyche v. United States, 286 F.2d 248 (5th Cir. 1961), a short per curiam opinion, is a different matter. It purports to rest upon *Ingram* but cites *Price* without disapproval. We think it supported by neither and prefer the rationale of *Price*.

Reversed.