UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-6886

MALCOLM BRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-92-169, CA-96-131)

Submitted: October 10, 1997

Decided: November 17, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Malcolm Bright, Appellant Pro Se. Jane Barrett Taylor, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Malcolm Bright appeals the district court's orders denying his motion filed pursuant to 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997)) and his motion for reconsideration. We affirm.

Bright was convicted of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (1994). The facts giving rise to the conviction are that in 1991 an informant told police in Columbia, South Carolina, that Bright was dealing crack cocaine out of his home. An undercover officer made four separate purchases of crack from Bright. On the last occasion, two undercover officers entered Bright's home and pur-chased seven rocks of crack for $150. The officers observed a sawed-off shotgun between the armrest and cushion of the chair in which Bright was seated. When one officer complained about the price of the crack, Bright lowered his hand as if to reach for the gun and did not raise it again until the price dispute was settled.

Following his conviction, Bright was sentenced to 120 months in prison. We affirmed his conviction. He subsequently filed the subject § 2255 motion.

Bright's contentions warrant little discussion. He complains that the district judge instructed the jury that the underlying drug traffick-ing offense had been proven. But the record reveals that the parties had stipulated to this prior to trial because Bright stood convicted of the offense in state court. Additionally, although Bright claims that an informant placed the shotgun in the chair in an effort to "set him up," he offers nothing to support his assertion that he was entrapped into committing the crime.

Bright is correct that the indictment charged that he used "and" car-ried the firearm but the jury was instructed that it could convict if it found that he had used "or" carried the firearm. This discrepancy does not merit relief, however. When, as here, a statute is worded in the

2

disjunctive, federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges, and it is appropriate for the court to instruct the jury in the disjunctive. See United States v. Klein, 850 F.2d 404, 406 (8th Cir. 1988); see also Turner v. United States, 396 U.S. 398, 420 (1970); United States v. Champion, 387 F.2d 561, 563 (4th Cir. 1967).

Bright maintains that the evidence was insufficient to convict him and that the district court's instruction on use of a firearm was erroneous. Although the instruction was incorrect under Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Bright was not prejudiced by the error, see United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8310). His conduct clearly satisfies the Bailey definition of use because he brandished the gun, menacing the officers with it during the price dispute over the crack. As the instruction on use was not prejudicial, we need not address Bright's claim that the instruction on carry under § 924(c) also was erroneous. Finally, as the drug trafficking crime was established and Bright used the firearm during that offense, the evidence was sufficient to convict him under § 924(c).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny the motion to expedite as moot.

AFFIRMED

3