**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4775

ROHAN WILSON TEAGNE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-98-33)

Submitted: April 27, 1999

Decided: May 17, 1999

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrea S. Lantz, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rohan Teagne appeals his convictions for possession with intent to distribute cocaine base in violation of 21 U.S.C.§ 841(a)(1) (1994), and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994). Finding no error, we affirm.

Teagne claims that the drugs seized from the search of his jacket following his arrest should have been suppressed because there was no reasonable suspicion to justify his initial detention. Under Terry v. Ohio, 392 U.S. 1 (1968), an officer may stop and question an individual based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. In light of the facts of this case and the inferences that may be drawn from these facts, we find that the officers had reasonable suspicion to detain Teagne for investigative purposes. Thus, Officer Fields was entitled to attempt to stop Teagne and the district court correctly denied Teagne's motion to suppress.

Regarding Teagne's challenge to the sufficiency of the evidence, we ask whether "`any rational trier of fact could have found the essential elements of the crime [charged] beyond a reasonable doubt.'" United States v. Johnson, 54 F.3d 1150, 1153 (4th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Viewing the evidence of this case in a light most favorable to the government, there was sufficient evidence for a reasonable jury to infer that Teagne possessed the cocaine with the intent to distribute it.

Teagne also claims that there was insufficient evidence to support his conviction for carrying a firearm in connection with a drug trafficking offense. The gun for which Teagne was convicted of carrying was found in the area where Teagne and the officers had just fought. During the fight Fields dropped his flashlight, handcuffs, mace, baton, and tie. The officers did not observe a gun on the ground prior to the incident and no one else was observed in the area during and after the encounter with Teagne. Moreover, after Teagne was released from the hospital he acknowledged to an officer that he had possessed a gun prior to his arrest. Viewing this evidence in a light most favorable to

2

the government, there was sufficient evidence from which a jury could have found that Teagne knowingly carried a gun during a drug trafficking offense.

Teagne contends that the district court erred in denying his request for a jury instruction on the lesser-included offense of simple possession of cocaine. See 21 U.S.C. § 844 (1994). The decision to give or not to give a jury instruction is reviewed for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). Here, Teagne failed to sufficiently place in dispute the distinguishing element of the lesser-included offense--his intent in possessing the cocaine--to require a lesser-included offense instruction. Therefore, the district court acted within its discretion in refusing to give a jury instruction on the lesser-included offense of simple possession of cocaine.

Teagne's final claim is that the district court erred in refusing to instruct the jury that a conviction required proof that he both used and carried a firearm. This court has long recognized that "a conjunctive indictment . . . permits disjunctive consideration of guilt," and that proof of either prong charged in a conjunctive indictment will support a guilty verdict. United States v. Champion, 387 F.2d 561, 563 n.6 (4th Cir. 1967). Therefore, an indictment that charges a defendant with using and carrying a firearm under § 924(c) does not require the government to prove that the defendant both used and carried the firearm. See United States v. Earls, 42 F.3d 1321, 1327 (10th Cir. 1994). Accordingly, the district court did not abuse its discretion by refusing to instruct the jury that the government had to prove that Teagne both used and carried a firearm. See Earls, 42 F.3d at 1327. In addition, the district court's instruction did not expose Teagne to criminal charges not presented in the indictment and thus did not impermissibly amend the indictment. See id.; United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994).

We therefore affirm Teagne's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3