**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4299

TRUMAN SCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-79-F)

Submitted: February 29, 2000

Decided: March 14, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard B. Glazier, H. Gerald Beaver, BEAVER, HOLT, RICHARD-
SON, STERNLICHT, BURGE & GLAZIER, P.A., Fayetteville,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Christine
Witcover Dean, Assistant United States Attorney, Raleigh, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Truman Scott appeals his convictions. The jury found Scott guilty of all counts: (1) conspiracy to distribute crack cocaine under 21 U.S.C. § 846 (1994); (2) conspiracy to interfere with commerce by violence, (3) interference with commerce by violence, and (4) attempt to interfere with commerce by violence under the Hobbs Act, 18 U.S.C. § 1951 (1994); (5) use of a sawed-off shotgun during a drug trafficking crime or crime of violence under 18 U.S.C.A. § 924(c)(1) (West Supp. 1999); and (6) use of a firearm during a crime of violence and aiding and abetting under 18 U.S.C.A. § 924(c)(1) and 18 U.S.C. § 2 (1994). For the reasons that follow, we affirm.

Scott raises five nonmeritorious issues on appeal. First, Scott alleges that Counts 5 and 6 should be reversed because the district court constructively amended the indictment by instructing the jury in the disjunctive (for the predicate acts of violence) and the indictment listed the predicate acts in the conjunctive. This claim fails. See United States v. Champion, 387 F.2d 561, 563 (4th Cir. 1967) (providing that an indictment worded conjunctively under a statute which uses disjunctive language may be disjunctively considered by the jury and proof on any one of the allegations is sufficient to sustain a conviction).

Second, Scott argues that because the jury was charged in the disjunctive for Counts 5 and 6, the convictions must be reversed based upon the Supreme Court's recent opinion in Richardson v. United States, 526 U.S. 813, ___, 119 S. Ct. 1707, 1709-13 (1999). Assuming, without deciding, that Richardson would apply in the analysis of § 924(c) convictions, we find any error was harmless. See United States v. Brown, ___ F.3d ___, 2000 WL 33170 at *5 (4th Cir. 2000) (holding that error as enumerated under Richardson is not a structural defect--rather it is subject to harmless error analysis).

2

Third, Scott's argument that he should not have received consecutive sentences for his § 924(c) convictions, has been rejected by this court. See United States v. Camps, 32 F.3d 102, 106-07 (4th Cir. 1994) (holding that multiple uses of firearms during a single drug conspiracy requires consecutive sentences).

Fourth, Scott asserts that his Hobbs Act and § 924(c) violations must be reversed based upon the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). Regarding the Hobbs Act convictions, other Circuits* have rejected this argument--as has this court. See United States v. Boone, No. 97-4094, 1998 WL 398782 (4th Cir. July 9, 1998) (unpublished). Likewise, this court has upheld a § 924(c) conviction despite Lopez. See United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997) ("We hold that§ 924(c)(1) insofar as it proscribes the use or carrying of a firearm during and in relation to a drug trafficking crime, passes constitutional muster under Lopez.").

Finally, Scott alleges that his convictions should be overturned based upon United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). We have rejected this argument. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 120 S. Ct. 837 (2000).

Accordingly, we affirm Scott's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*See United States v. Smith, 182 F.3d 452, 455-57 (6th Cir. 1999), petition for cert. filed, ___ USLW ___ (U.S. Sept. 24, 1999) (No. 99-6232); United States v. Robinson, 119 F.3d 1205, 1215 (5th Cir. 1997), cert. denied, 118 S. Ct. 1104 (1998); United States v. Bolton, 68 F.3d 396, 398-99 (10th Cir. 1995).