**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

FREEMAN LEE ROGERS, JR.,
　　　　　*Defendant-Appellant.*

No. 03-4082

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
James C. Cacheris, Senior District Judge.
(CR-00-137)

Submitted: October 8, 2003

Decided: November 12, 2003

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Freeman Lee Rogers, Jr., of conspiracy to distribute and to possess with intent to distribute more than fifty grams of crack cocaine and more than two kilograms of cocaine (Count 1), in violation of 21 U.S.C. § 846 (2000), and using and carrying a firearm to commit murder during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), (j)(1) (2000) (Count 2). Rogers appeals his conviction on Count 2, alleging that the district court erred in denying his motion for judgment of acquittal, *see* Fed. R. Crim. P. 29, and that a variance occurred between the § 924 charge in the indictment and the evidence adduced at trial. We affirm.

Rogers contends that the evidence was insufficient to support his § 924 conviction in Count 2 because the victim's death did not occur during and in relation to, or in furtherance of, the drug conspiracy.* Rogers asserts that there was no nexus between the gun and the conspiracy because he used the gun only when he tried to rob the victim. We review the district court's decision to deny a motion for judgment of acquittal de novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). We "have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

Taking the evidence in the light most favorable to the Government, *Glasser*, 315 U.S. at 80, our review of the record leads us to conclude that the evidence was sufficient to prove that Rogers used the gun

---

*Defendant does not challenge his conspiracy conviction. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued are deemed abandoned).

during and in relation to the drug conspiracy. The victim went to Rogers' house to buy crack and handed Rogers a gold bracelet to pay Joseph Tate, Rogers' stepson, for the crack. Tate gave Rogers the crack to give to the victim. Rogers then took the victim to return the bracelet for cash to satisfy the debt the victim owed Tate for the crack. Rogers purposefully took the gun from Tate's room because he planned to rob the victim of the cash refund; thus, the presence of the gun at the murder scene was not the result of an accident or a coincidence. *United States v. Mitchell*, 104 F.3d 649, 654 (4th Cir. 1997); *see United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.) (stating that "statutory term 'furtherance' . . . requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime"), *cert. denied*, 537 U.S. 1031 (2002). And, Rogers used a portion of the refund to pay Tate $50 to satisfy the victim's drug debt, thereby "facilitat[ing], or potentially facilitat[ing], the drug trafficking offense." *Mitchell*, 104 F.3d at 654. We therefore find that the evidence was sufficient to support Rogers' § 924(c) conviction.

Rogers also contends on appeal that a variance occurred between the § 924 charge in the indictment and the evidence adduced at trial. Rogers points to the fact that the indictment charged premeditated murder and felony murder while the court instructed the jury that it could convict based upon either theory. Rogers' claim is foreclosed by circuit precedent. *See United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir.) (stating that "[w]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive[;] [t]he district court, however, can instruct the jury in the disjunctive") (internal quotation marks and citation omitted), *cert. denied*, 534 U.S. 1034 (2001); *United States v. Champion*, 387 F.2d 561, 563 (4th Cir. 1967) (approving disjunctive jury instructions when statute disjunctively worded and indictment conjunctively worded). Rogers does not dispute that the Government proved felony murder. *See United States v. Williams*, 342 F.3d 350, 355 (4th Cir. 2003) (discussing types of murder under 18 U.S.C. § 1111 (2000)). We therefore find that Rogers is not entitled to relief on this claim.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

als before the court and argument would not aid the decisional process.

*AFFIRMED*