UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                              No. 03-4270

DOYLE RAY MORGAN,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-52)

Submitted: November 14, 2003

Decided: December 3, 2003

Before WILKINSON and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Charles W. McKeller, Brevard, North Carolina, for Appellant. Robert
J. Conrad, Jr., United States Attorney, Charlotte, North Carolina;
Thomas R. Ascik, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted Doyle Ray Morgan of conspiracy to distribute and to possess with intent to distribute an unspecified quantity of cocaine and at least fifty grams of methamphetamine, in violation of 21 U.S.C. § 846 (2000).* Morgan appeals his conviction, alleging that the district court erred by instructing the jury that it could find cocaine and/or methamphetamine as the subject of the conspiracy when the indictment charged a conspiracy involving cocaine and methamphetamine, and the evidence was insufficient to support a conviction of conspiracy to distribute cocaine. We affirm.

Morgan contends on appeal that the district court gave jury instructions that constructively amended the indictment. Morgan points to

---

*The jury's special verdict form indicated:

As to the charge of conspiracy to possess, with intent to distribute, cocaine and methamphetamine contained in the Bill of indictment, do you find the Defendant, **Doyle Ray Morgan** -

GUILTY: __X__          NOT GUILTY: _____

1. Did the Government prove beyond a reasonable doubt that the Defendant knew of or could reasonably have foreseen the involvement of at least five kilograms of a mixture or substance containing a detectable amount of cocaine in the conspiracy and in furtherance thereof?

YES: _____          NO: __X__

2. Did the Government prove beyond a reasonable doubt that the Defendant knew of or could reasonably have foreseen the involvement of at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine in the conspiracy and in furtherance thereof?

YES: __X__          NO: _____

the fact that the indictment charged a conspiracy involving cocaine and methamphetamine, while the court instructed the jury that it could convict based upon participation in a conspiracy involving cocaine and/or methamphetamine. Rogers' claim is foreclosed by circuit precedent. *See United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001) (stating that "[w]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive[;] [t]he district court, however, can instruct the jury in the disjunctive") (internal quotation marks and citation omitted); *United States v. Champion*, 387 F.2d 561, 563 (4th Cir. 1967) (approving disjunctive jury instructions when statute disjunctively worded and indictment conjunctively worded). Morgan does not dispute that the Government proved he was involved in a conspiracy to distribute at least fifty grams of methamphetamine. We therefore find that Morgan is not entitled to relief on this claim.

Morgan further asserts there was not sufficient evidence to convict him of conspiracy to distribute cocaine. "Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir. 1986); *see Turner v. United States*, 396 U.S. 398, 420 (1970) (stating general rule that when jury returns guilty verdict on indictment charging several acts in conjunctive, verdict stands if evidence is sufficient with respect to any one act charged). Morgan's conspiracy conviction is supportable on proof of his involvement with methamphetamine. Moreover, although the jury's verdict reflects it rejected the Government's assertion that Morgan's conduct involved at least five kilograms of cocaine, the special verdict form does state that the jury found Morgan guilty of conspiracy to distribute both methamphetamine and cocaine. Thus, this claim is meritless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*