**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4251**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENED MARTINEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:06-cr-00503-HFF)

———————

Submitted:  November 26, 2007        Decided:  December 11, 2007

———————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, W. Walter Wilkins, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rened Martinez was charged in five counts of a six-count indictment with: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count One); (2) possession with intent to distribute five hundred grams or more of cocaine (Count Two); (3) possession of a firearm by a convicted felon (Count Three); (4) possession of a firearm during and in furtherance of a drug trafficking crime (Count Five); and (5) possession of a counterfeited obligation of the United States (Count Six).

> Count Two of the indictment charged:
>
> That on or about March 31, 2006, in the District of South Carolina, the Defendants, HECTOR LOPEZ, a/k/a Eddy Antonio Rivera, and RENED MARTINEZ, did knowingly, intentionally and unlawfully possess with intent to distribute **and did distribute** 500 grams or more of cocaine, a Schedule II controlled substance;
>
> In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

During its deliberations, the jury asked the following question of the court:

> . . . . did knowingly, intentionally, unlawfully possess with intent to distribute and did distribute 500 grams or more of cocaine, we feel - feel that up to that point the count is clear. However, did they have to follow through with the transaction to distribute for the count to be guilty?

- 2 -

The court then instructed the jury as follows:

> The statute is in the disjunctive or, an "or." I can't tell you why the United States Attorney's Office obtained an indictment in the conjunctive. The government only has to prove one or the other, but they can prove both. They are two separate crimes. Possession with intent to distribute is one thing. Distribution is another. And I've ruled as a matter of law that the government can prove one or the other, even though the language is in a conjunctive.

Martinez moved for judgment of acquittal, Fed. R. Crim. P. 29, on the grounds that the Government failed to offer any evidence of distribution and to allow the jury to consider only possession with intent to distribute would amount to a constructive amendment of Count Two of the indictment. The district court denied the motion, finding that there was no constructive amendment of the indictment. Martinez was convicted of counts One, Two, Three, and Five, and sentenced to 420 months imprisonment. He noted a timely appeal.

A constructive amendment occurs when the government or the court broadens the possible bases for conviction beyond those presented to the grand jury, in violation of the Fifth Amendment right to grand jury indictment. United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). Typically, a constructive amendment occurs when the evidence at trial changes or alters the essential elements of the crime charged in the indictment. United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). Such an amendment is

reversible per se. Floresca, 38 F.3d at 711. "The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Turner v. United States, 396 U.S. 398, 420 (1970).

We have held that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive. See United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001); see also United States v. Champion, 387 F.2d 561, 563 (4th Cir. 1967); United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (affirming district court's response to jury question that the government could charge the defendant in the conjunctive but prove the case at trial in the disjunctive). Accordingly, we find that the district court did not constructively amend Martinez's indictment.

Martinez has moved to file two supplemental pro se briefs and a motion to file supplemental authority. We grant the motions. We have reviewed the claims Martinez seeks to raise and find them to be without merit. Martinez's claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Instead, to allow for adequate development of the record, a defendant generally

should bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000).  <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).  Our review of the record does not conclusively establish ineffective assistance of counsel.

Accordingly, we affirm Martinez's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>