UNITED STATES of America, Appellee,

v.

Rodney William KLEIN, Appellant.

No. 87–5255.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1988.

Decided June 23, 1988.

James A. Eirinberg, Sioux Falls, S.D., for appellant.

Philip N. Hogen, Asst. Atty. Gen., Sioux Falls, S.D., for appellee.

Before JOHN R. GIBSON, and BEAM, Circuit Judges, and DUMBAULD,[*] District Judge.

BEAM, Circuit Judge.

Rodney William Klein appeals his conviction for the manufacture of marijuana. We affirm.

## I. Background

From February 23, 1987, through February 25, 1987, the Sioux Falls, South Dakota Police Department received four calls on a Crime Stoppers telephone line from an informant who volunteered information which eventually led to the indictment of Klein and his wife, Cynthia Joyce Klein. The charges returned by the Grand Jury

---

[*] The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

included the manufacture of, possession with intent to manufacture, and possession with intent to distribute marijuana. On the basis of the telephoned information and the efforts of officers who verified a portion of the informant's statements, Sioux Falls police obtained a warrant to search the Klein residence in Brandon, South Dakota.

The search resulted in the seizure of 94 marijuana plants, which plants were found in the basement of the home. Fluorescent growing lights, light fixtures, a heater, planting pots, soil testing equipment and fertilizer were also found.

Klein was convicted of the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). He was sentenced to two years of imprisonment and to an additional two years of special probation.

## II. Discussion

### A. Section 841(a)(1)

■ The major assignment of error on the part of Klein concerns the interpretation of 21 U.S.C. § 841(a)(1). Klein asserts that the marijuana that was growing in the basement of his residence was for his personal use and that he had no intention of selling any of the marijuana to anyone else. Therefore, even assuming that these activities constitute the manufacture of marijuana (which Klein submits they do not), section 841(a)(1) does not, according to Klein, make the manufacture of marijuana a crime. In order to be convicted under section 841(a)(1), Klein claims that you must be found guilty of either possession with intent to manufacture marijuana or possession with intent to distribute marijuana. Klein's defense at trial centered on the assertion that the amount of marijuana found in his residence was sufficient only to meet Klein's personal needs and, therefore, that he was, at most, guilty of possession of marijuana, a misdemeanor. Klein argues that under the circumstances of this case section 841(a)(1) is ambiguous. He contends that Congress could not have intended to make the growing of marijuana solely for personal use a violation of section 841(a)(1) because there is no substantive difference between growing marijuana

for one's own use and the misdemeanor offense of possession of marijuana. We disagree. The actions involved in growing marijuana differ greatly from those of possession. To grow marijuana, even for personal use, one must, at least in a case such as this, plant the seeds, regulate the light, soil and moisture, shape and harvest the plants and dry the harvested crop. Possession involves merely having the substance in your possession.

Section 841(a)(1) states that it is "unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

We do not find section 841(a)(1) to be ambiguous. The statute lists six prohibited acts, one of which is the manufacture of a controlled substance. The definitions of terms which are used in the Controlled Substances Act, of which section 841(a)(1) is part, are found in 21 U.S.C. § 802. Section 802(15) defines manufacture as "the production * * * of a drug or other substance." Section 802(22) states that the term production "includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." From the evidence introduced at trial, it is clear that Klein planted, cultivated and grew marijuana. Whether he did so for his own use rather than for purposes of distribution is irrelevant. His actions violated section 841(a)(1).

### B. Indictment

■ The indictment charging Klein and his wife stated that they "knowingly and intentionally did unlawfully manufacture, possess with intent to manufacture and possess with intent to distribute, 94 marijuana plants * * * in violation of 21 U.S.C. § 841(a)(1)." In the jury instructions, the court stated that Klein was charged with manufacture of marijuana *or* possession with intent to distribute marijuana. Klein argues that the jury instructions did not accurately reflect the language used in the indictment and therefore impermissibly modified the indictment.

# 406

Although section 841(a)(1) is worded in the disjunctive to encompass a number of similar crimes, federal pleading requires "that an indictment charge in the conjunctive to inform the accused fully of the charges." *United States v. McGinnis*, 783 F.2d 755, 757 (8th Cir.1986); *United States v. Hicks*, 619 F.2d 752, 758 (8th Cir.1980). "[U]pon trial the government may prove and the trial judge usually instructs in the disjunctive form used in the statute." *Hicks*, 619 F.2d at 758. "Proof of any one of the violations charged conjunctively in the indictment will sustain a conviction." *McGinnis*, 783 F.2d at 757; *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970). Accordingly, we find that the indictment, instructions and verdict form were correct.

## C. Motion to Suppress

■■■ Prior to trial, Klein submitted a motion to suppress evidence requesting the trial court to suppress all items, statements and other evidence obtained as a result of the search of Klein's residence. The district court denied the motion.

Klein advances two reasons for the claim that there was insufficient probable cause for the magistrate to issue the warrant. First, Klein argues that one of the officer's affidavits contained stale information. The affidavit stated that the informant had seen marijuana growing in Klein's basement within three days of the date of the affidavit. Klein submits that this is untrue because no one had been in his basement for six to twelve weeks prior to his arrest. In addition, Klein argues that the magistrate was deprived of information which would have led him to question the informant's veracity. Klein asserts that the government knew, or had a very good idea of, the identity of the informant but withheld the information from him. Had Klein known of the informant's identity he could, he claims, have proven his allegations about the affidavits and the issuance of the search warrant.

As long as there was a substantial basis for the magistrate to conclude that marijuana was growing in Klein's basement, no more was required. *Rugendorf v. United States*, 376 U.S. 528, 533, 84 S.Ct. 825, 828, 11 L.Ed.2d 887 (1963). The officers involved had independently corroborated much of the informant's information in an effort to verify that the informant was in fact familiar with Klein and the situation the informant was describing. The affidavit information which was verified by the police officers prior to issuance of the writ was found to be true and, therefore, provided the magistrate with a sufficient basis on which to issue the search warrant. The government, if in fact it knew the identity of the informant, is not required to disclose the identity "so long as there was a substantial basis for crediting" his statements. *Jones v. United States*, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). We find there was such a basis in the affidavits submitted to the magistrate.

## III. Conclusion

We have considered Klein's other arguments, including his claim that the district court erred in failing to grant his motion for judgment of acquittal and/or motion for a new trial and the issues raised in the pro se brief filed by Klein, and find them to be without merit. For the foregoing reasons, the judgment of the district court is, therefore, affirmed.