**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 94-5649

JILL MAUREEN ARNOLD,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Charles H. Haden II, Chief District Judge, sitting by designation.
(CR-93-71)

Submitted: August 22, 1996

Decided: October 8, 1996

Before MURNAGHAN, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James L. Conner, II, Daniel P. O'Brien, Chapel Hill, North Carolina,
for Appellant. Mark T. Calloway, United States Attorney, Deborah A.
Ausburn, Assistant United States Attorney, Asheville, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jill Maureen Arnold was convicted of one count of possession with intent to distribute methamphetamine, 21 U.S.C.§ 841(a)(1) (1988). Arnold now appeals her conviction and 120-month sentence. Finding no error, we affirm.

I

David Holland testified that in May 1993 Arnold asked him if he would like to buy some methamphetamine. Holland replied that he would. Arnold said that she had to get it from Roy Keener, one of her friends. She left and later returned with an eight-ball, or one-eighth of an ounce of the drug, which she sold to Holland.

Several weeks later, Arnold told Holland that she would like him to meet Keener. Holland agreed, and Arnold and he drove to Keener's home, where Keener was attempting to cook oil into methamphetamine. Keener asked Holland if he would like to go into business with Keener and Art Sherman manufacturing and selling the drug. Holland expressed interest, said that he might be able to sell some drugs, and discussed chemicals needed for the manufacturing process.

Holland testified that he saw Arnold only once between that day and the day of his arrest in June. Arnold went to his house with a container of the oil used to manufacture methamphetamine. Arnold told him that she wanted to see if he could cook the oil into the drug. However, cooking the oil yielded no methamphetamine.

Arnold's conviction resulted from the sale of the eight-ball to Holland. Her presentence investigation report concluded that she was accountable for that amount, which converted to 3.54 grams, as well as the 300 grams that a pint container of oil, such as the one she deliv-

2

ered to Holland, could be expected to yield. Arnold objected to the inclusion of the 300 grams.

Arnold did not object to the assumption in the presentence report that a pint container was involved. Rather, she objected to the conclusion that a pint of oil would yield 300 grams of methamphetamine. At sentencing the parties agreed that such a container would yield 150 grams, which would reduce the amount for which Arnold was held responsible to 153.54 grams. The court found as a fact that 153.54 grams constituted relevant conduct. Arnold's resulting base offense level (and her total offense level) was 26. Factoring her offense level and her criminal history category of II, Arnold's guideline range was less than the statutory minimum of ten years. Arnold therefore was sentenced to the statutory minimum of 120 months. See 21 U.S.C.A. § 841(b)(1)(A)(viii) (West Supp. 1996); United States Sentencing Commission, Guidelines Manual, § 5G1.1(b) (Nov. 1993).

II

Arnold first notes that the indictment charged her with possession and manufacturing of methamphetamine with intent to distribute, while the court instructed the jury that it could convict if it found that she had either possessed or manufactured methamphetamine with intent to distribute. Arnold complains that the jury charge differed from the charge in the indictment. Further, because there was absolutely no evidence that she manufactured methamphetamine, Arnold argues that there was insufficient evidence to convict.

Section 841(a)(1) provides that it is unlawful for any person knowingly or intentionally "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance." While the statute "is worded in the disjunctive to encompass a number of similar crimes, federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges." United States v. Klein, 850 F.2d 404, 406 (8th Cir.) (internal citation and quotation omitted), cert. denied, 488 U.S. 867 (1988); see United States v. Earl, 42 F.3d 1321, 1327 (10th Cir. 1994) (same), cert. denied, ___ U.S. #6D6D 6D#, 630 U.S.L.W. 3771 (U.S. 1995) (No. 94-8405); see also Turner v. United States , 396 U.S. 398, 420 (1970) ("The general rule is that when a jury returns a guilty verdict

3

on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged.").

Applying these authorities, we find no error in this case. Possession with intent to distribute a controlled substance violates § 841(a)(1), and the jury was so charged. The indictment was drafted in the conjunctive, in accordance with accepted rules of pleading. The jury convicted Arnold of violating that statute upon Holland's testimony that Arnold sold him one-eighth of an ounce of methamphetamine for $200. This evidence was sufficient to convict Arnold of a § 841(a)(1) violation. See Glasser v. United States, 315 U.S. 60, 80 (1942). There was no need to prove additionally that Arnold manufactured methamphetamine.

III

Arnold also claims that the district court made two errors at sentencing. First, she contests the amount of methamphetamine attributed to her. Specifically, Arnold claims that there was no evidence that the container she delivered to Holland contained one pint of oil. Second, she claims that the district court should have reduced her offense level for her allegedly minimal role in the offense.

Arnold raised neither of these claimed errors at sentencing. There was absolutely no mention of reducing her offense level because of her role in the offense. Further, at sentencing the parties stipulated that one pint of oil would yield 150 grams of methamphetamine. Implicit in this stipulation is the acknowledgment that the container held one pint of oil. Arnold did not object at sentencing to this conclusion about the amount of oil delivered to Holland. Given the absence of plain error, her failure to object to the claimed errors in the calculation of her sentence forfeits her right to raise these claimed errors on appeal. See United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993).*

_____

*Arnold contends that, if she is found to have waived her right to challenge her sentence, she should be able to claim that her attorney was ineffective for failing to raise the sentencing issues. It does not conclu-

4

IV

We accordingly affirm Arnold's conviction and sentence. We dispense with oral argument because the materials before us reveal that argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

sively appear from the materials before us that counsel was ineffective. We therefore decline to address counsel's effectiveness in this direct appeal. <u>See United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991), <u>cert. denied</u>, 503 U.S. 997 (1992); <u>United States v. Fisher</u>, 477 F.2d 300, 302 (4th Cir. 1973).

5