Karl Earl **BEAMON,** Petitioner

v.

**UNITED STATES of America,**
**Respondent.**

**No. CIV.A. 401CV67, CR. 499CR4.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 7, 2002.

Karl Earl Beamon, Pro Se, FCI Edgefield, Edgefield, SC, for Petitioner.

James A. Metcalfe, Esquire, United States Attorney's Office, Norfolk, for Respondent.

### *ORDER*

FRIEDMAN, District Judge.

Currently before the court is Karl Earl Beamon's *habeas corpus* petition to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Mr. Beamon (hereinafter "petitioner") argues that his convictions and sentences under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 21 U.S.C. § 841(a)(1) are unconstitutional for the following six reasons: (1) his rights under the Fifth Amendment to due process of law and under the Sixth Amendment to notice and jury trial were violated based on the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) the evidence was insufficient to support a conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's holdings in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Apprendi, supra.;* (3) ineffective assistance of counsel based on counsel's failure to challenge his convictions under 18 U.S.C. §§ 922(g) and 924(c); (4) ineffective assistance of counsel because counsel failed to object to the two additional criminal history points added pursuant to U.S.S.G. §§ 4A1 .1(d) and 4A1.2; (5) ineffective assistance of counsel for counsel's failure to object to an improper jury instruction re-

garding his 18 U .S.C. § 924(c) count; and (6) ineffective assistance of counsel based on counsel's failure to move the court to dismiss both 18 U.S.C. §§ 922(g) and 924(c) charges because the evidence produced at trial was not consistent with that in the indictment. Finally, the petitioner requests an evidentiary hearing. Upon review of the records and files in this case, as well as this court's recollection of the trial and sentencing proceedings involving the petitioner, the petition is **DENIED** and **DISMISSED** in its entirety.

### I. Factual and Procedural Background

On April 22, 1999, after a two-day jury trial, the jury found the petitioner guilty on all four counts in the pending indictment. Specifically, the jury found the petitioner guilty of (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) possession of 5 grams or more of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and (4) carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On August 2, 1999, the court sentenced the petitioner to a term of imprisonment of 115 months for count one, 135 months for count three, to run concurrently, and 60 months for count four, to run consecutively, for a total of 195 months.[1] The petitioner filed a notice of appeal and submitted the following three issues to the Fourth Circuit for review: (1) whether the district judge erred in denying the appellant's motion for judgment of acquittal as the facts were insufficient to sustain a conviction; (2) whether the district court erred in denying the appellant's request for a jury instruction on a lesser included offense of simple pos-

---

1. Count two was dismissed by the court on the government's motion.

session of cocaine; and (3) whether the district court had sufficient and reliable evidence on which to base the sentence of the appellant. The petitioner's convictions and sentences were affirmed by the Fourth Circuit Court of Appeals on March 6, 2000. The petitioner's petition for writ of certiorari in the Supreme Court was denied on October 2, 2000. On June 28, 2001, the petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On July 11, 2001, this court ordered the government to respond to the petition within sixty (60) days. Accordingly, the government filed its response on September 10, 2001. After being given an extension of time, the petitioner filed a reply on September 28, 2001.

## II. Discussion

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *See* 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. *See* Rule 8, Rules Governing § 2255 Proceedings; *Blackledge v. Allison,* 431 U.S. 63, 74, n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to Section 2255. The AEDPA includes stringent limitations on the filing of successive Section 2255 petitions and assigns a "gatekeeping" function for the screen-

ing of habeas petitions. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Additionally, the AEDPA implements a one-year limitations period applicable to the filing of Section 2255 petitions. The instant petition is not successive, and was filed within the one-year limitations period. Therefore, we turn to the merits of the petition.

### A. Claim 1

 In his first claim, the petitioner argues that his rights under the Fifth Amendment to due process of law and under the Sixth Amendment to notice and jury trial were violated based on the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Specifically, he alleges that because count three of the indictment, charging him with violating 21 U.S.C. § 841(a)(1), did not contain the applicable penalty provision under section 841(b), that his conviction and sentence violates the principle enunciated in *Apprendi.* Without remarking as to whether the Supreme Court's holding in *Apprendi* is applicable to the facts of the instant case, the Fourth Circuit has held that any rule of law recognized by *Apprendi* does not apply retroactively to cases on collateral review. *See United States v. Sanders,* 247 F.3d 139, 146 (4th Cir.2001).[2] "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001), *quoting* 28 U.S.C. § 2255. The Supreme Court did not explicitly state in the *Apprendi* decision that

---

**2.** The petitioner urges the court to disregard the holding in *Sanders* because it is incorrect and will be overturned. However, this court

is obligated to follow the law of the Fourth Circuit.

its holding was retroactive. Nor has the Supreme Court, to date, applied the rule in *Apprendi* in a collateral proceeding.[3] Thus, any rule of law newly recognized by the *Apprendi* decision has not been made retroactively applicable to cases on collateral review. *See Sanders*, 247 F.3d at 146; *see also, In re Tatum*, 233 F.3d 857, 859 (5th Cir.2000) (denying motion to file successive Section 2255 petition because *Apprendi* neither involved collateral proceedings nor has been made by the Supreme Court retroactively applicable to cases on collateral review); *Rodgers v. United States*, 229 F.3d 704 (8th Cir.2000) (same); *Talbott v. Indiana*, 226 F.3d 866 (7th Cir. 2000) (same); *In re Joshua*, 224 F.3d 1281 (11th Cir.2000) (same); *Sustache–Rivera v. United States*, 221 F.3d 8 (1st Cir.2000) (same).

■ Furthermore, even if the petitioner's *Apprendi* claim were not procedurally defaulted, the petitioner's sentence imposed by the court does not offend the principles of *Apprendi*. "*Apprendi* holds that so long as the sentence is within the statutory range, a judge can increase a defendant's sentence on the basis of certain facts which need not be proven to a jury beyond a reasonable doubt." *Sanders*, 247 F.3d at 150. The petitioner argues that because the indictment failed to list the penalty provision under 21 U.S.C. § 841(b), that he must be sentenced under the section with the lowest possible penalty, specifically section 841(b)(1)(D). In support of this proposition, the petitioner cites a recent Fourth Circuit case which held that the district court exceeded its jurisdiction by sentencing the defendant to a section of the code that was not charged

by the grand jury. *See United States v. Cotton*, 261 F.3d 397, 404–05 (4th Cir. 2001). However, the defendant in *Cotton* was indicted merely for a "detectable amount of cocaine base," and the court sentenced him under the harshest penalty provision without submitting drug amounts to the jury to be proven beyond a reasonable doubt. *Id.* By contrast, in this case the petitioner was charged with possession with intent to distribute 5 grams or more of cocaine base or crack in count three of the indictment. Even if the jury did not specifically find the drug amount was proven beyond a reasonable doubt, they did find that the petitioner was guilty of count three. This means that they found that he possessed cocaine base with the intent to distribute it. The lowest possible penalty provision for this crime is stated in section 841(b)(1)(C), which provides for a maximum punishment of 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C). The petitioner was sentenced to 135 months, which is 11 years and 3 months, far below the 20 year maximum. The petitioner's contention that because the indictment failed to specify the penalty section, he should have been sentenced to a maximum of 5 years under section 841(b)(1)(D), is incorrect. Section 841(b)(1)(D) is only applicable to marijuana, not cocaine base. Any enhancement based on drug amounts in this case does not violate *Apprendi* as the petitioner was not sentenced above the statutory maximum applicable to his offense. Therefore, the petitioner's Fifth Amendment due process rights and Sixth Amendment rights to notice and jury trial were not violated, and his first claim for relief is denied.

---

**3.** The petitioner has cited two cases which the Supreme Court remanded for resolution in light of *Apprendi* as evidence that the Supreme Court intended *Apprendi* to be retroactive on collateral review. However, in *Tyler*, the Court held that unless they explicitly state that a rule is to be retroactive, it is not. *Tyler*, 121 S.Ct. at 2482. Since deciding *Apprendi*, the Supreme Court has not held in any subsequent case that it is to be retroactive on collateral review.

## B. Claim 2

In his second claim, the petitioner contends that the evidence was insufficient to support a conviction under 18 U.S.C. § 922(g) in light of the Supreme Court's holdings in *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Apprendi, supra.* He claims that based on these Supreme Court cases, the government can no longer rely on the de minimus connection to interstate commerce when prosecuting 18 U.S.C. § 922(g) offenses. In addition to this interstate nexus argument, the petitioner argues that section 922(g) is unconstitutional because it forces the defendant to surrender two of his constitutional rights, in violation of *Apprendi.* Specifically, the defendant states that he must either stipulate to his prior conviction, or allow the government to prejudicially introduce his conviction into evidence in order to be convicted of section 922(g). Following the *Apprendi* reasoning, the petitioner claims that the prior conviction is an element of the offense and thus, must be proven beyond a reasonable doubt by the jury.

■ As an initial matter, the petitioner failed to raise this issue on direct appeal, and therefore, he is procedurally barred from raising it for the first time on collateral review unless he can "show cause and prejudice resulting from the errors . . . or he must demonstrate that a miscarriage of justice would result from refusal of the court to entertain the collateral attack." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). "And in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Id.* (citing *Murray,* 477 U.S. at 496, 106 S.Ct. 2678). Here, the petitioner has not proven cause and prejudice, or actual innocence by clear and convincing evidence. Hence, this court is barred from addressing this issue.

■ The petitioner argues that because this is a constitutional argument, violating the Tenth Amendment to the Constitution, procedural grounds cannot prohibit him from raising this issue. The petitioner cites *Kaufman v. United States* for support of this proposition. 394 U.S. 217, 223, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). However, even if the petitioner were not procedurally barred from raising this issue, his arguments must fail. With respect to his interstate nexus argument, courts have uniformly held that section 922(g) is constitutional under *Lopez* because it expressly requires proof of a nexus with interstate commerce. *See United States v. Wells,* 98 F.3d 808, 811 (4th Cir. 1996) (citing cases from other circuits in agreement with this holding). In addition, the Fourth Circuit has ruled that *"Morrison* did not modify the *Lopez* framework in any manner . . . [and thus, does] not affect our post-*Lopez* decisions regarding § 922(g)." *United States v. Gallimore,* 247 F.3d 134, 138 (4th Cir.2001) (citing cases from other circuits in agreement with this holding). Therefore, the petitioner's interstate nexus argument is dismissed.

■ The petitioner's second argument that section 922(g) is unconstitutional must also fail. The petitioner is not forced to give up his constitutional rights in order for this offense to be prosecuted. The fact

that he must either stipulate to his prior felony conviction or allow the government to introduce evidence regarding his prior felony conviction does not prejudice the petitioner. The prior felony conviction is an element of the crime which must be submitted to the jury. When the jury found the petitioner guilty on his section 922(g) charges in counts one and two, they must have found, beyond a reasonable doubt, that he had been previously convicted of a felony. The argument that this somehow violates *Apprendi* is meritless and must be dismissed. Therefore, the petitioner's arguments regarding the constitutionality of section 922(g) are rejected and his request for relief is denied.

### C. Claims 3–6

In the remaining claims, the petitioner argues that he received ineffective assistance of counsel based on his counsel's deficient performance. Specifically, he contends that counsel was ineffective for four reasons: first, for failing to challenge the constitutionality of his convictions under 18 U.S.C. §§ 922(g) and 924(c); second, for failing to object to the two additional criminal history points added pursuant to U.S.S.G. §§ 4A1.1(d) and 4A1.2; third, for not objecting to an improper jury instruction regarding his 18 U.S.C. § 924(c) count; and finally, for failing to move the court to dismiss both 18 U.S.C. §§ 922(g) and 924(c) charges because the evidence produced at trial was not consistent with that charged in the indictment. After discussing the general standard for proving ineffective assistance of counsel, the court will address each of the petitioner's allegations.

In order to have his sentence vacated based on ineffective assistance of counsel, the petitioner must prove both "deficient performance and prejudice." *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993);

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove deficient performance, a defendant must show that counsel's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases. *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A court's review of the attorney's performance must be highly deferential. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, "there is no reason for a court deciding an ineffective assistance claim…to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. In this case, the petitioner has failed to prove deficient performance in any of his four claims and therefore, the court will not address the issue of prejudice.

#### 1. Claim 3: Counsel was ineffective for failing to challenge the constitutionality of his convictions under 18 U.S.C. §§ 922(g) and 924(c)

The petitioner alleges that counsel should have raised the question of the constitutionality of 18 U.S.C. §§ 922(g) and 924(c) at trial, sentencing, and on direct appeal, and that his failure to do so amounted to ineffective assistance. The petitioner contends that if his counsel had raised the issue, and presented the court with the applicable case law cited by the petitioner, that the outcome would have been different. Counsel is not deficient for not raising every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Ineffectiveness based on the failure to argue an issue on appeal is governed by the *Strickland* test, and there can be no deficient performance or prejudice to the defendant in counsel's failure to argue meritless issues at trial, sentencing, or on appeal. This concept is

particularly applicable here, as counsel for petitioner did not raise the issue of the constitutionality of section 922(g) at all during the proceedings. However, this does not amount to deficient performance based on the law as it existed at the time. Specifically, as stated in section II.B. above, the Fourth Circuit had repeatedly held that section 922(g) is constitutional under *Lopez* and that subsequent cases, such as *Morrison,* did not alter that. *See Gallimore,* 247 F.3d at 138. Therefore, the defendant was not prejudiced by his attorney's failure to raise this issue at trial, sentencing, or on appeal. Furthermore, as the government pointed out, the evidence against the petitioner was overwhelming, thereby diminishing the possibility that but for counsel's error, the result would have been different.

## 2. Claim 4: Counsel was ineffective for failing to object to the two additional criminal history points added pursuant to U.S.S.G. §§ 4A1.1(d) and 4A1.2

■ The petitioner argues that his counsel was deficient because he failed to object to the two points added to his criminal history category under sections 4A1.1(d) and 4A1.2 of the Sentencing Guidelines. These sections require the addition of points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release," etc. U.S.S.G. § 4A1.1(d). The petitioner states that he was not on probation at the time of the instant offense as he had already completed his state court sentence. The petitioner argues that his attorney did not question the probation officer's assessment or challenge the source of the information.

According to the presentence report completed in this case, on March 5, 1993 the petitioner was sentenced to one year imprisonment, which was suspended conditioned upon five years of good behavior.

The indictment charged the petitioner with committing the instant offense on February 7, 1997. Thus, the petitioner committed the instant offense while he was serving a term of release based on good behavior. The Supreme Court of Virginia has held that "a suspended sentence predicated upon 'good behavior' is functionally the same as unsupervised probation." *United States v. Brown,* 217 F.3d 841, 2000 WL 930786, *11 (4th Cir. 2000) (unpublished) (citing *Dyke v. Commonwealth,* 69 S.E.2d 483, 486, 193 Va. 478, 483–84 (1952)). The commentary to the guidelines states that "a term of unsupervised probation would be included" in computing criminal history category. U.S.S.G. § 4A1.1, application note 4. Therefore, when the petitioner committed the instant offense on February 7, 1997, he violated his unsupervised probation, and thus, the additional two points were warranted.

Furthermore, during the sentencing proceedings the court asked the petitioner if there were any errors in the presentence report other than those objected to by his attorney. *See* Sentencing Tr., Dkt. 20, p. 6 (Aug. 2, 1999) (hereinafter "Sent. Tr."). The court gave the petitioner an opportunity to object to the criminal history points attributed to him, even if his attorney did not do so. However, in response to the court's inquiry, the petitioner answered "no." Sent. Tr., p. 6. Therefore, the petitioner's fourth claim for relief is without merit and thus, dismissed.

## 3. Claim 5: Counsel was ineffective for not objecting to an improper jury instruction regarding his 18 U.S.C. § 924(c) charge

■ The petitioner argues that the trial court erred in giving the jury the instruction as to the 18 U.S.C. § 924(c) charge, and that his counsel was ineffec-

tive for failing to object to the improper instruction. Specifically, the petitioner claims he was charged with using AND carrying a firearm during and in relation to the drug trafficking crime; however, the court gave the jury instruction stating that they could find him guilty of using OR carrying the firearm. This argument must fail for two reasons. First, the Fourth Circuit has held that "when... a statue is worded in the disjunctive, federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges, and it is appropriate for the judge to instruct the jury in the disjunctive." *United States v. Bright*, 129 F.3d 1260, 1997 WL 712878, *1 (4th Cir.1997) (unpublished) (citing *United States v. Klein*, 850 F.2d 404, 406 (8th Cir.1988)); *see also Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) ("[t]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive,... the verdict stands if the evidence is sufficient with respect to any of the acts charged."); *United States v. Teagne*, 1999 WL 308620, *2 (4th Cir.1999) (unpublished) (quoting *United States v. Champion*, 387 F.2d 561, 563 (4th Cir.1967)) ("'a conjunctive indictment...permits disjunctive consideration of guilt,' and ...the proof of either prong charged in a conjunctive indictment will support a guilty verdict."). Therefore, the petitioner's counsel cannot be deemed ineffective for failing to object to a jury instruction that is entirely consistent with the law of this circuit.

Second, the court limited the scope of this crime when explaining the terms to the jury. Specifically, the court stated that "[t]here is no evidence in this case that the defendant *used* a firearm." Trial Tr., Dkts. 18 and 19, p. 311 (April 21, 1999) (hereinafter "Trial Tr.") (emphasis added). Therefore, the jury could only find the petitioner guilty if he *carried* a firearm during and in relation to a drug trafficking offense. Thus, there was no need for the petitioner's attorney to object to the jury instruction as it was entirely proper. As a result, the petitioner's fifth claim is dismissed.

4. **Claim 6: Counsel was ineffective for failing to move the court to dismiss both 18 U.S.C. §§ 922(g) and 924(c) charges because the evidence produced at trial was not consistent with that charged in the indictment**

 Finally, the petitioner contends that the firearm produced at trial was not the firearm described in the indictment and hence, counsel's failure to move for a dismissal was in error. Both count one and count four of the indictment, charging the petitioner with possession of a firearm by a convicted felon and using or carrying a firearm during and in relation to a drug trafficking crime, respectively, described the firearm as "one 9mm Glock semi-automatic pistol." The petitioner argues that the firearm produced as evidence at trial was a .40 caliber Smith and Wesson. However, contrary to the petitioner's assertion, the government produced evidence at trial that the petitioner was carrying a Glock. For example, government's exhibit four was described as a Glock .40 Caliber semi-automatic pistol. *See* Trial Tr., p. 116. Furthermore, Special Agent Herb Tatum of the Bureau of Alcohol, Tobacco, and Firearms testified that this exhibit was a .40 caliber Glock pistol made in Austria. *See* Trial Tr. p. 117. Therefore, the petitioner's allegation that his counsel was ineffective for not moving for dismissal of the two firearm charges must fail.

 Moreover, it is well settled that a court may ignore independent and unnecessary allegations in an indictment. *See United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985).

"Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *United States v. Washington*, 992 F.2d 785, 787 (8th Cir.1993) (citations omitted). The specific type of firearm used or carried by a defendant is not an essential element of the crime and is therefore surplusage. *See generally, United States v. Robison*, 904 F.2d 365, 369 (6th Cir.1990). "More importantly, however, the inclusion of such surplusage is harmless when the evidence against the defendant is overwhelming." *Washington*, 992 F.2d at 788 (citations omitted). In this case, the government offered evidence that a loaded firearm, whether it be a Glock or another type of firearm, was found in the defendant's left pants pocket. *See* Trial Tr., p. 117. Based on the totality of the evidence submitted to the jury, they found that the defendant was carrying a firearm at the time of his arrest. There was no error in the court proceedings, and therefore, counsel was not ineffective in not moving to dismiss counts one and four. Petitioner's final claim is hereby dismissed.

## III. Conclusion

For the above-stated reasons, Mr. Beamon's petition hereby is **DISMISSED**.

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to Mr. Beamon and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**