**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4528

MICHAEL LEE LOWERY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-11-FO)

Submitted: April 25, 2003

Decided: May 19, 2003

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Lee Lowery was convicted by jury for maintaining a place for the purpose of manufacturing, distributing, and using a controlled substance, 21 U.S.C. § 856 (2000) (Counts One, Five, and Eight); possession with the intent to distribute marijuana and cocaine, 21 U.S.C. § 841(a)(1) (2000) (Counts Two and Six); possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) (Count Nine); possession of a firearm as a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Counts Three, Seven, and Ten); and possession of a firearm in furtherance of the drug trafficking crime charged in Count Two, 18 U.S.C. § 924(c)(1) (2000) (Count Four). The district court sentenced Lowery to concurrent sentences of imprisonment of 262 months for Counts Two, Three, Six, Seven, and Ten; 240 months for Counts One, Five, and Eight; and 120 months for Count Nine. Additionally, the district court imposed a consecutive sixty-month sentence on Count Four, for an aggregate sentence of 322 months. Lowery asserts three errors at trial. Finding no reversible error, we affirm.

First, Lowery asserts that the district court violated Fed. R. Civ. P. 30 when it revised the jury instructions during his closing argument. He describes that the district court provided a conjunctive charge at the charge conference prior to closing arguments and then modified the instruction during closing arguments. Lowery contends that the conjunctive instruction — he must possess marijuana and cocaine with the intent to distribute, to be found guilty of the offense charged in Counts Two and Six of the indictment — is a correct statement of law. This court reviews de novo whether a district court has properly instructed a jury on the statutory elements of an offense. *See United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997).

The statute charged in Counts Two and Six, 21 U.S.C. § 841(a)(1), criminalizes the possession of any one of numerous controlled sub-

stances. Despite the fact that a defendant can be guilty of a violation of § 841(a)(1) for possession with intent to distribute any one of many illegal substances, when, as here, a defendant is charged with possession with intent to distribute more than one such substance, "federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges." *United States v. Klein*, 850 F.2d 404, 406 (8th Cir. 1988) (internal quotation marks and citations omitted); *see Turner v. United States*, 396 U.S. 398, 420 (1970) (stating general rule that when jury returns guilty verdict on indictment charging several acts in conjunctive, verdict stands if evidence is sufficient with respect to any one act charged). Thus, the indictment against Lowery properly charged in the conjunctive that he possessed with intent to distribute both marijuana and cocaine. Nevertheless, because culpability for possession with intent to distribute one illegal substance is independent of culpability for possession with intent to distribute a different illegal substance, the jury instruction with respect to a charge involving more than one illegal substance is properly framed in the disjunctive. To instruct the jury in the conjunctive, as Lowery urges, "would improperly add elements to the crime that are not contained in the statute itself." *United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir.), *cert. denied*, 534 U.S. 1034 (2001). We thus find the instruction the district court initially accepted, which required the jury to find possession with intent to distribute both marijuana and cocaine to convict under Counts Two and Six, to be an improper instruction because it added elements to the § 841 crime not required by the statute.

Moreover, the district court's belated recognition that the proposed jury instruction required modification does not entitle Lowery to relief. Even in the face of a Rule 30 error, Lowery does not show that the district court's ruling on the jury instruction precluded him from making any legally sufficient argument. "A violation of Rule 30 requires reversal only when the defendant can show actual prejudice." *United States v. Horton*, 921 F.2d 540, 547 (4th Cir. 1990).

Second, Lowery contends that the district court abused its discretion by directing the jury to resume deliberations after it returned a verdict that was incomplete as to Counts Two and Six. A jury may "remain undischarged and retain its functions, though discharge may have been spoken by the court, if, after such announcement, it

remains an undispersed unit, within control of the court, with no opportunity to mingle with or discuss the case with others, and particularly where . . . the very case upon which it has been impaneled is still under discussion by the court, without the intervention of any other business." *Summers v. United States*, 11 F.2d 583, 586 (4th Cir. 1926); *see Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998) (citing to *Summers* for the proposition that "as long as the jury 'remains an undispersed unit, within control of the court,' the jury had not been finally discharged"). Our review of the record demonstrates that given the short period of time that elapsed during which the jury returned with its verdict, the district court published the verdict on the ten counts charged in the indictment, the court thanked the jurors for their service, the court announced that the jurors could leave, the court directed the jurors to resume their seats, the court directed the jury to complete its deliberations on Counts Two and Six, the jury returned to the jury room to deliberate, the jury returned to the courtroom, the court published the remainder of the verdict, the court confirmed that the verdict was unanimous, and the court discharged the jury. Lowery's claim that the jurors were a dispersed unit is meritless.

Third, Lowery challenges the sufficiency of the evidence proving his guilt as to Count Four, possession of a firearm in furtherance of a drug trafficking crime. In reviewing a sufficiency claim on appeal, this court must sustain the verdict if the record contains substantial evidence, taking the view most favorable to the Government, to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In applying this standard, we must give due regard to the fact finder's prerogative to resolve questions of credibility. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

To establish a violation of 18 U.S.C. § 924(c)(1), the government must prove that the defendant (1) used or carried a firearm during and in relation to a crime of violence or drug trafficking crime; or (2) possessed a gun in furtherance of a crime of violence or drug trafficking crime. 18 U.S.C. § 924(c). This court has stated that the "statutory term 'furtherance' should be given its plain meaning" and, thus, "§ 924(c) requires the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 123 S. Ct. 555 (2002). The underlying drug

conviction is not in dispute. *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992).

Here, the rifles were found in Lowery's ten-by-twelve-foot kitchen in close proximity to drugs and to other equipment and supplies used in drug trafficking. The time and circumstances under which the rifles were found provide further support for the jury's verdict. When police officers arrived at Lowery's home on March 16, 2000, he had cocaine and marijuana ready for distribution and $4799 in his wallet. The accessibility and visibility of the rifles supports a finding that the rifles furthered Lowery's drug trafficking business by deterring the theft of drugs or profits, enabling Lowery to collect payment for drugs, and preventing transactions from souring. *See Lomax*, 293 F.3d at 705. We find that the evidence was sufficient to sustain Lowery's conviction for possession of a firearm in furtherance of a drug trafficking crime.

Accordingly, we affirm Lowery's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*