# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2546

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Broderick Birts, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2006
Filed: March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

In a superseding indictment, the government charged Broderick Birts with three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and distribution of cocaine base in violation of § 841(a)(2). At trial, the Government proceeded on the theory that Birts possessed the cocaine with intent to distribute it. Birts objected to a jury instruction stating the government only had to prove Birts possessed with intent to distribute, rather than both possessed with intent to distribute and distributed the drug. The Government responded that charging protocols required the Government to charge both crimes, but allowed the

Government to prove either one. The district court[*] agreed and overruled Birts's objection, finding an instruction on distribution would confuse the jury. To satisfy Birts's concerns, the court offered to instruct the jury that the government was not proceeding on the theory of distribution. Birts agreed the instruction would "cure [his] problem." The court amended the jury instructions to state the Government was proceeding on the theory of possession with intent to distribute cocaine base, not on the theory of distribution. The court thus instructed the jury that the elements of the offense were that Birts possessed cocaine base, he knew he was possessing or intended to possess it, and he intended to distribute some or all of the cocaine base to another person. The jury convicted Birts on all three counts, and the district court sentenced Birts to 120 months in prison.

On appeal, Birts contends the district court committed error in deleting distribution from the instructions and preventing Birts from arguing the government had failed to prove the elements of the distribution charge. We disagree. The district court did not abuse its discretion in instructing the jury. United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005). When a statute like § 841(a) "'is worded in the disjunctive . . . , federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges.'" Id. (quoting United States v. Klein, 850 F.2d 404, 406 (8th Cir. 1988)). District courts may instruct the jury in the disjunctive form used in the statute because "'[p]roof of any one of the violations charged conjunctively in the indictment will sustain a conviction.'" Id. (quoting Klein, 850 F.2d at 406). Here, the district court simply omitted the distribution language from the model jury instruction in response to Birts's concern. Jury instructions specifically instructing on only one of the theories charged in the indictment do not amend the indictment, alter the Government's burden of proof, or otherwise prejudice the defendant. United States v. Pate, 932 F.2d 736, 737 n.2 (8th Cir. 1991). Further,

---

[*]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

the district court properly prohibited Birts from arguing the Government had charged distribution but failed to prove it, because the Government was not required to prove distribution under the superseding indictment. Evidence of distribution was admitted only to show Birts's intent to distribute.

We thus affirm Birts's conviction.

_____