**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1281

PAUL ALISDAIR MCGRUER,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

William E. Graves, Jr., with whom Graves & Doyle was on brief, for the petitioner.
Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, with whom Tony West, Assistant Attorney General, Civil Division, and Shelley R. Goad, Assistant Director, were on brief, for respondent.

December 29, 2010

**Per Curiam**.   On February 5, 2010, the Bureau of Immigration Appeals (BIA) rejected the claim of Paul McGruer, a citizen of the United Kingdom who has been a lawful permanent resident of the United States, that he had not committed an aggravated felony.  The BIA held that McGruer was removable and that he was not eligible to apply for cancellation of removal.

The BIA found that the Immigration Judge (IJ), in her September 10, 2008 decision, had correctly ordered McGruer removed, and had correctly determined that McGruer was ineligible for cancellation of removal because McGruer had been convicted of a drug trafficking crime and thus of an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B) and 1227(a)(2)(A)(iii).  The BIA upheld the IJ's conclusions that McGruer's 2003 conviction of cultivating more than five but fewer than one-hundred marijuana plants under Maine law, Me. Rev. Stat. Ann. tit. 17-A, § 1117(1)(B)(3), was "cultivation," and thus "manufacturing," of marijuana under 21 U.S.C. § 841(a)(1), and therefore a removable offense under the federal Controlled Substances Act.  The state statute under which McGruer was convicted is entitled "Cultivating Marijuana" and provides:  "A person is guilty of cultivating marijuana if . . . [t]he person intentionally or knowingly grows or cultivates marijuana."  Me. Rev. Stat. Ann. tit. 17-A, § 1117.

Before the IJ and BIA, McGruer argued that his Maine marijuana cultivation offense[1] is not a drug trafficking crime because the Maine statute of conviction has no element requiring proof that the marijuana cultivation be for a commercial purpose, as opposed to being for personal use.[2]  Both the IJ and the BIA rejected this argument.  We deny the petition for review.

                                    I.

While this court has jurisdiction to review final orders of removal, 8 U.S.C. § 1252, our jurisdiction in cases involving criminal petitioners is restricted to colorable constitutional claims and issues of law.  See 8 U.S.C. § 1252(a)(2)(C) and (D).

In his petition for review to this court, McGruer presents two arguments that the Maine felony marijuana cultivation

---

[1]   In fact, McGruer has a criminal history of at least five offenses, including burglary, theft, assault, and two drug offenses.  Only two of these offenses were presented by the government as bases for removal, one of which is at issue here.

The government had appealed to the BIA from the IJ's holding that it had not proven that McGruer's separate conviction in 1994 of burglary and sentence of two years' imprisonment was not an aggravated felony.  The BIA bypassed this issue as moot, as do we.

McGruer had also been convicted of the misdemeanor of cultivating less than five marijuana plants in 2001.  That was not counted as an aggravated felony.

[2]   Neither the BIA nor we make any assumptions that in fact the marijuana McGruer cultivated was meant for his personal use or that in fact he cultivated only six marijuana plants out of the range of more than five but fewer than one-hundred plants.  The docket entries of the record of conviction do not reveal these details.  Even if those assumptions were true, McGruer still has committed a state crime which counts as an aggravated felony under federal law.

offense is not a federal aggravated felony.[3] His first argument is that there must be a commercial element to the state offense in order for it to be a federal drug trafficking offense, an argument we reject.

The BIA's rejection of McGruer's commercial purpose argument was correct. The BIA also correctly recognized the deference it owed to federal court construction of the pertinent statutes, particularly a First Circuit precedent, which rejected the same argument. See United States v. One Parcel of Real Estate Property, 960 F.2d 200, 205 (1st Cir. 1992) (rejecting claim that marijuana grown for personal use is not within reach of § 841(e)). The other federal circuit courts that have addressed the issue agree. See, e.g., United States v. Miller, 870 F.2d 1067, 1071 (6th Cir. 1989); United States v. Roberts, 747 F.2d 537, 547 (9th Cir. 1989); United States v. Klein, 850 F.2d 404, 405 (8th Cir. 1988).

McGruer also presents a second argument in his petition for review. He argues that cultivation under the Maine statute is not a per se federal trafficking offense because Maine's definition of cultivation includes possession of a marijuana plant. In making

---

[3] McGruer also observes that, under Maine law, cultivation is explicitly excluded from the definition of "trafficking." Me. Rev. Stat. Ann. tit. 17-A, § 1101(17). But this is irrelevant. The question is whether McGruer's state conviction falls within the federal definition of a drug trafficking offense. See 18 U.S.C. § 924(c)(2).

-4-

this argument, McGruer refers to the statute's definition of cultivation as "to sow a seed; to grow, raise or tend to a plant; to harvest a plant; or to knowingly possess a plant."  Me. Rev. Stat. tit 17-A § 1101(21).  Ignoring the distinction between possession of plants and possession of dried marijuana plant parts meant for inhaling or ingesting, McGruer argues that he did not commit an aggravated felony because mere possession of marijuana is not a felony under federal law.  See Lopez v. Gonzales, 549 U.S. 47, 53 (2006).  He says the DHS has not shown which of the various definitions of cultivation was involved in his state conviction, and that it might have been mere possession, and that this is not enough to meet the government's burden.

We have no jurisdiction to reach this second argument because McGruer failed to exhaust his administrative remedies as to it.  See 8 U.S.C. § 1252(d)(1).  The BIA's opinion does not respond to this argument, and there is a reason for that.  The argument was not made before the IJ, nor was it made to the BIA.[4]  McGruer

_____

[4]  Despite conceding that he fully understood the charges in the October 2007 Notice to Appear (NTA), McGruer argued to the IJ that the original NTA did not give him adequate notice because he was convicted of cultivation and not, as the NTA said, of the offense of "Criminal Possession of a Controlled Substance to wit, Cultivating Marijuana in violation of 17-A, Maine Criminal Codes, Subsection 1117(1)(B)(3)."  Additional charges of removability were added which referred to conviction of a violation of the laws of a State relating to a controlled substance under 21 U.S.C. § 802, other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Before the BIA, McGruer made a brief eleven-line argument that "Maine cultivation includes possession," and that "DHS itself

-5-

therefore did not preserve it for judicial review. See Larios v. Holder, 608 F.3d 105, 110 (1st Cir. 2010) ("[B]ecause [petitioner] failed to properly raise this claim before the IJ, this argument is deemed waived on appeal."); Ahmed v. Holder, 611 F.3d 90, 97 (1st Cir. 2010) ("[A]rguments not made before the BIA may not make their debut in a petition for judicial review of the BIA's final order."). As we have no jurisdiction over the issue, we do not reach the merits nor discuss it further.

The BIA correctly held that McGruer was removable and was not eligible for the relief of cancellation of removal.

## II.

We vacate the stay of removal that we previously issued to give us time to consider the issues and we deny McGruer's petition for review.

So ordered.

_____

characterized [McGruer's] violations [as] possessions in the Notice to Appear." The BIA did not view this as making the second argument he now makes in his petition, nor do we.

-6-